MORRIS B. BEARDSLEY, EXECUTOR AND TRUSTEE, APPEAL FROM PROBATE.

*First Judicial District, Hartford, March Term, 1905.

TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

By her will, executed July 10th, 1899, a testatrix gave $5,000 to an academy as a memorial to her deceased husband, to be used in the erection of a building for industrial school purposes. A codicil, made October 6th, 1899, revoked this provision and gave $5,000 to the executors in trust, to keep it properly invested until such

*Transferred from third judicial district.

time—" which shall not be later than the first day of January, 1901 "—as the aforesaid industrial school "now in process of establishment . . . shall be legally incorporated under the laws of Idaho, and until the trustees of said industrial school shall cause to be erected," at an expense of at least $5,000, a building " as a memorial to my late husband, from plans which shall be approved by said trustees." The codicil then provided that as soon as said school should be incorporated and become legally enabled to receive said legacy, " and shall so erect said building, within said time so limited," the entire legacy with its accumulations should be paid over to the trustees of the school ; but " in case the provisions of this bequest shall not have been complied with by January 1st, 1901, the entire legacy shall have become forfeited, and shall revert to and become a part of the residuary of my estate." A second codicil, executed July 30th, 1901, which related merely to matters of detail under the residuary clause, expressly affirmed the will and first codicil except as to those changes. The industrial school was incorporated in Idaho October 23d, 1899, and the testatrix died May 14th, 1903. Her surviving executor failed to qualify as a trustee of said bequest, and in December, 1904, the Court of Probate, upon the application of said industrial school, appointed a testamentary trustee, from which appointment the executor appealed. *Held :*—

1. That inasmuch as the bequest in question was not plainly invalid or inoperative, the Court of Probate acted properly in appointing a trustee.

2. That the Superior Court, upon appeal, had wider powers, and could declare authoritatively what was the proper construction and effect of the will.

3. That in view of the general intent of the testatrix to benefit the school, which was manifest not only in the terms of the will and first codicil but also in her reaffirmation of these provisions long after January 1st, 1901, the erection of a building by that date was not essential to entitle the school to the bequest.

Where the general intent of a testator is reasonably clear, it will rarely be defeated by an inaccuracy or inconsistency in the expression of a particular intent.

Argued March 8th—decided April 26th, 1905.

APPEAL from an order and decree of the Court of Probate for the district of Bridgeport appointing a testamentary trustee, taken to and reserved by the Superior Court in Fairfield County, *Reed, J.,* upon an agreed finding of facts, for the advice of this court. *Affirmance of probate decree advised.*

Article 17 of the will, which was executed July 10th, 1899, was as follows : " I give to the corporation of Weiser Academy of Weiser, Idaho, by whatever name it may be called, of which Rev. A. G. Upton is or has been president, the sum of five thousand dollars, as a memorial to my deceased husband, Rev. B. B. Beardsley, said sum to be used in the erection of a building for industrial school purposes in connection with said academy at Weiser."

By a codicil executed October 6th, 1899, this clause was revoked, $500 was left for the perpetual care of the family burial lot, and the following provision was made : " Second. I give and bequeath to my executors or their successors, the sum of five thousand dollars ($5,000) *in trust* for the following uses and purposes, viz.: to hold the same and keep it properly invested, until such time, which shall not be later than the first day of January, 1901, as an industrial school now in process of establishment near the town of Weiser, Idaho, by Rev. E. A. Paddock, of said Weiser, shall be legally incorporated under the laws of Idaho ; and until the trustees of said industrial school shall cause to be erected at an expense at least equal to said amount a building as a memorial to my late husband, Rev. Bronson B. Beardsley, from plans which shall be approved by said trustees.

" If said school shall be duly incorporated as above, and become legally enabled to receive said legacy, and shall so erect said building, within said time so limited, then my said trustees shall pay over to the trustees of said industrial school, the entire legacy with its accumulations.

" In case the provisions of this bequest shall not have been complied with by said January 1st, 1901, the entire legacy shall have become forfeited, and shall revert to and become a part of the residuary of my estate."

By a second codicil, executed July 30th, 1901, the will and first codicil were expressly reaffirmed and ratified, except so far as changed by such second codicil. The only changes by the latter were in certain matters of detail under the residuary bequest.

The testatrix died May 14th, 1903, leaving a large estate.

The appellant is the surviving executor. Neither executor qualified as trustee under the $5,000 bequest given by the first codicil. The industrial school therein described was incorporated under the laws of Idaho, October 23d, 1899, under the name of the Idaho Industrial Institute. In October, 1904, it applied to the Court of Probate for the district of Bridgeport for the appointment of a trustee under said bequest, alleging that it was ready and desirous to comply with the provisions of the codicil by erecting such a building as was therein described, and to submit satisfactory plans for such building to a trustee as soon as one should be appointed, for his approval. These allegations were found true, and a trustee was appointed who qualified as such. From the decree of appointment this appeal was taken.

*Arthur M. Marsh*, for the appellant, Morris B. Beardsley, executor.

*Edward A. Harriman*, for the appellee, Howard K. Knapp, testamentary trustee.

BALDWIN, J. If the bequest provided for in the second article of the first codicil to the will of Mary W. Beardsley was valid and operative in October, 1904, it was necessary that a trustee should be appointed to receive it. Unless it was so plainly invalid and inoperative that no ground for claiming the contrary could be asserted which was worthy of serious consideration, it was the duty of the Court of Probate to grant the petition for such an appointment. *Chamberlin's Appeal*, 70 Conn. 363, 379; *Colburn's Appeal*, 76 id. 378. The bequest was not thus plainly invalid or inoperative, and the decree was the only one that, under the circumstances, properly could have been made.

On this appeal the Superior Court has wider powers. It can do what the Court of Probate could not—declare authoritatively what is the proper construction and effect of the will. All parties concerned in the questions raised be-

ing before it, it is in the interest of justice that this power should be exercised. *Mack's Appeal*, 71 Conn. 122, 134.

The original will discloses a purpose to secure the erection at Weiser, Idaho, by a certain corporation established there, of a building as a memorial of the deceased husband of the testatrix, to cost $5,000, and to serve uses connected with an industrial school. The first codicil is in furtherance of the same purpose, except that a different corporation was made the beneficiary. The conditions of the gift are otherwise altered only so as to ensure more effectually the early erection of a suitable building. To this end, instead of a gift of $5,000, to be thus used, was substituted a gift of the same sum to trustees, to be invested until a building should be erected from plans approved by them, and then to be paid over, with any accumulations of income, to the trustees of the school corporation. Had the testatrix intended that the approval of the plans, which she required, should be by the latter, it would have been unnecessary to make any special provision in respect to that. Such a building could only be erected on plans previously prepared, and those on whom the duty to erect it rested would necessarily be the ones to prepare or approve them. While therefore, grammatically, the words " which shall be approved by said trustees " would naturally refer to the trustees last previously mentioned, namely, " the trustees of said industrial school," they must, to give them the importance which was evidently attached to them by the testatrix, be construed as relating to her executors or their successors in the capacity of trustees under the codicil.

The school corporation by which the building was to be erected was one to be incorporated not later than January 1st, 1901. Freedom of incorporation for educational and charitable purposes under general laws has become a recognized feature of American government. The testatrix accorded to those interested in the school which she designed to benefit a liberal time for giving it a corporate form; and they accomplished this result during the same month in which the codicil was executed. In order to secure the benefit of

her bounty it then remained necessary that her will should take effect by the occurrence of her death, and that a satisfactory building should be erected.

The appellant contends that it was also necessary that the building should be erected not later than January 1st, 1901.

The first sentence of the second article of the first codicil, considered by itself, does not lead to such a conclusion. According to this the $5,000 is to be held in trust until, by a time not later than that date, the beneficiary shall be incorporated, "and until" the building shall be erected. The limit of time thus specified apparently applied only to the act of incorporation. But the second and third sentences of this article must be read in connection with the first, and, if possible, as parts of a connected whole. Taken literally as they stand, these contain a requirement that the building shall be erected not later than January 1st, 1901, and a provision that should it not be, the legacy shall go to the residuary legatees for whom the appellant is trustee.

The testatrix must have known that her will could not take effect before her death. Then it would first speak her wishes. Until then the legacy would not come into existence, and there could be no executors to receive and invest it, as trustees, or to approve the building plans. It is argued by the appellant that their approval might have been sought and given during the life of the testatrix, or, had the building been completed by January 1st, 1901, after her decease. But during her life there could be no trustees under her will; nor can it reasonably be supposed that she contemplated the erection of such a building on plans not previously approved by her designated representatives, and so at the risk of the loss of the legacy after its full amount had been expended by the charitable institution which she designed to benefit.

It is evident also that the testatrix supposed that her trustees would not be called upon to pay over the $5,000 to the trustees of the corporation for a considerable time after her decease. It would not, in the ordinary course of the settlement of an estate, have passed from the hands of her

executors, as such, into their hands as trustees under the first codicil, until a year after her decease; nor until then would it bear interest. *Duffield* v. *Pike*, 71 Conn. 521. The codicil was executed October 6th, 1899. Had the testatrix died on that day, the $5,000 would not in due course of law have been made a productive fund before October 6th, 1900. She directs that it shall be "properly invested" by the trustees to whom it was bequeathed and, if the trustees of the school corporation ultimately receive it, it is to be paid to them "with its accumulations." These provisions throw a strong light on the manner in which she supposed that this corporation would profit by her bequest. It is difficult to imagine any other reason why the money should be invested as an accumulating fund than that it would not be wanted until the completion of the building, and that the building would not be completed until after her decease.

Where the general intent of a testator is reasonably clear, it is rarely defeated by an inaccuracy or inconsistency in the expression of a particular intent. *Pinney* v. *Newton*, 66 Conn. 141, 152; *Goodrich* v. *Lambert*, 10 id. 448, 452. In the codicil now in question the general intent is plain. A certain body of men, if incorporated by January 1st, 1901, were to receive from her estate a fund of $5,000 with the addition of accumulations of income earned by it after her decease, provided the corporation erected a memorial building on plans approved by special trustees whom she invested with authority to that effect. To suppose that she could have expected any addition to the fund worth naming, by reason of income to be earned between October 6th, 1900, which was the earliest date at which it would in ordinary course have been set apart, and January 1st, 1901, is absurd. The expressions of the second and third sentences of the article under consideration would be in entire harmony with the general intent manifested in the preceding sentence if the phrase "If said school shall be duly incorporated as above, and become legally enabled to receive said legacy, and shall so erect said building, within said time so limited," had been so arranged as to read: "If said school

shall be duly incorporated as above and become legally enabled to receive said legacy within said time so limited, and shall so erect said building." That this was what the testatrix was endeavoring to express is sufficiently indicated by the immediate context, taken in connection with the general scheme of the will. Jarman's 19th Rule, 3 Jar. on Wills, p. 708; *Woodruff* v. *Marsh*, 63 Conn. 125, 133. Reading the phrase as if it had been so arranged, there would be no forfeiture if all the provisions of the bequest which it was necessary to fulfil by January 1st, 1901, should be so fulfilled, and the only provisions previously prescribed were the incorporation under the laws of Idaho of the particular school which a particular person whom she named was, on October 6th, 1899, engaged in establishing.

The codicil of July 30th, 1901, strongly indicates that this is the true construction to be adopted. In that instrument the testatrix expressly ratified and reaffirmed the first codicil. The date by which, according to the contention of the appellant, the building was to be erected had then long passed, and nothing had been done in consequence of the first codicil before that date except to secure incorporation for the school. It is not to be supposed that this deliberate reaffirmance of that instrument would have been made, had the testatrix thought that, by its terms, the bequest which it was its main purpose to give had been already forfeited.

The Superior Court is advised to affirm the decree of the Court of Probate. Costs in this court will be taxed against the appellant.

In this opinion the other judges concurred.